UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS LEWIS, <br> on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SCOTTRADE, INC., <br><br> Defendant. | Case No. 4:15-cv-01255-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Scottrade, Inc.'s ("Scottrade") Motion to Dismiss (Doc. 51). The matter is fully briefed and ready for disposition. For the following reasons, the Court will grant the motion and dismiss this action.

**I. Background**

The facts in the light most favorable to Plaintiff Nicolas Lewis are as follows. Lewis has been a client of Scottrade since 2002 (Complaint (Doc. 1) ¶ 5). Scottrade is a discount brokerage firm that provides investment products and services, online trading platforms, and market research tools to its clients (Id. ¶ 6). When its clients seek to trade stocks, Scottrade can route orders to one of numerous different trading venues, including the major stock exchanges, hedge funds, and banks (Id. ¶ 7). Lewis has placed non-directed,[1] standing limit orders with Scottrade.

---

[1] An order is a "non-directed order" when the client directs a broker to execute a trade, but does not specify the trading venue in which the trade is to be executed. Lim v. Charles Schwab & Co., Inc., No. 15-cv-02074, 2015 WL 7996475, at *1 (N.D. Cal. Dec. 7, 2015) (unpublished order), appeal docketed, No. 16-15189 (9th Cir. Feb. 8, 2016).

Some trading venues offer kickbacks to brokers, like Scottrade, who direct their clients' orders to the venue. Under this "maker-taker" arrangement, some trading venues pay brokers a "rebate" when they route, or "make," a standing limit buy or sell order to the venue, and charge a "taker fee" to brokers that take the order (Id. ¶ 8). Some brokers pass the kickbacks they receive from trading venues on to their clients, but Scottrade does not (Id. ¶ 9).

According to Lewis, Scottrade has a duty of best execution in buying and selling stocks, bonds, options, and other assets on behalf of its clients (Id. ¶ 13). He claims that, in all instances, a broker's duty of best execution requires the broker to put its customers' interests ahead of its own and to use reasonable diligence to ensure that the customer receives as favorable of a price as possible (Id. ¶ 14). Lewis further contends that the duty of best execution—as it relates to non-directed, standing limit orders—requires brokers to use reasonable diligence to ascertain the best trading venue for its clients, taking into account any material differences in execution quality among available trading venues. These material differences may include differences in the likelihood of trade execution, the speed at which the trade is executed, and any opportunities for price improvement (Id. ¶¶ 15-16). While he does not allege that Scottrade is required to conduct individualized, trade-by-trade venue determinations, Lewis asserts that Scottrade cannot allow the availability of kickbacks to interfere with its duty of best execution when choosing venues for trades in the aggregate. That is, Lewis claims that Scottrade cannot put its own interest in kickbacks ahead of its clients' interest in trading in a venue that offers superior execution quality (Id. ¶ 17).

Lewis alleges that, in contravention of its duty of best execution, Scottrade has routed and continues to route its clients' non-directed standing limit orders to pre-determined trading venues that offer the biggest broker kickbacks (Id. ¶¶ 19-26). According to Lewis, the trading venues

that offer the largest kickbacks also tend to offer the lowest execution quality, i.e., orders are executed at prices that are less advantageous for clients (Id. ¶¶ 28-30). On behalf of a putative class of similarly situated Scottrade clients, Lewis seeks to assert three claims in this class action: (1) a claim under the Missouri Merchandising Practices Act ("MMPA"), see Mo. Rev. Stat. § 407.010 et seq.; (2) a breach-of-fiduciary-duty claim arising out of Scottrade's failure to act consistently with its duty of best execution; and (3) a claim of unjust enrichment (Id. ¶¶ 41-66).[2] Scottrade now moves to dismiss Lewis's claims, as barred by the Securities Litigation Uniform Standards Act ("SLUSA") (Docs. 51-52).[3]

**II. SLUSA**

SLUSA precludes all class actions that seek to bring claims under state laws, but which are based on alleged untrue statements or omissions of a material fact, or use of a manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security. 15 U.S.C. § 78bb(f)(1). In determining whether a state-law class action is precluded by SLUSA, courts must look to the complaint to determine whether "deceptive statements or conduct form the gravamen or essence of the claim." Freeman Invs., L.P. v. Pac. Life Ins. Co., 704 F.3d 1110, 1114 (9th Cir. 2013); see Dudek v. Prudential Sec., Inc., 295 F.3d 875, 879 (8th Cir. 2002). A

---

[2] Lewis's complaint purports to assert a fourth claim entitled "declaratory judgment," but it is clear from the complaint that he does not seek to assert an independent claim. He instead seeks—as relief in his fiduciary-duty claim—judicial declarations of his rights and Scottrade's responsibilities (Id.¶¶ 64-66).

[3] Alternatively, Scottrade argues that Lewis's state-law claims are preempted by federal securities regulations that expressly permit brokers to receive payments for routing trades to certain trading venues so long as they comply with federal regulations regarding disclosure; and that Lewis's unjust enrichment claim fails as a matter of law because the relationship between Scottrade and each putative class member is governed by an express contract (Doc. 52 at 1-2, 12-18). The Court need not address these arguments, given its conclusion that Lewis's claims are precluded by SLUSA.

plaintiff may not avoid SLUSA preclusion through artful pleading, i.e., by omitting terms of art implicating causes of action sounding in fraud or deceit, while including covered concepts and facts. Freeman, 704 F.3d at 1114; see also Segal v. Fifth Third Bank, N.A., 581 F.3d 305, 310-11 (6th Cir. 2009). At issue in this case is whether Lewis's complaint alleges that Scottrade "made a misrepresentation or omission or employed any manipulative or deceptive device in connection with the purchase or sale of" covered securities.[4] As such, the Court must determine whether the gravamen of Lewis's claims is based on deceptive statements or conduct by Scottrade.

The Supreme Court has defined the scope of SLUSA preclusion broadly, explaining that for purposes of SLUSA's "in connection with" requirement, it is enough that the alleged misconduct coincides with a securities transaction. Merrill Lynch, Pierce Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 85-86 (2006); see SEC v. Zandford, 535 U.S. 813, 819-25 (2002). The Supreme Court has also addressed the narrower issue of whether SLUSA precluded a class action in which the plaintiffs' claims were based on allegations that they had purchased uncovered securities after being told the uncovered securities were backed by covered securities. Chadbourne & Parke LLP v. Troice, 134 S. Ct. 1058, 1066 (2014). In concluding that the class action was not precluded by SLUSA, the Supreme Court initially noted that the plaintiffs had not alleged that the misrepresentation had been made "in connection with" the purchase or sale of a covered security, as opposed to an uncovered security. The Supreme Court further explained that SLUSA's "in connection with" requirement suggests that there be a (1) connection between the misrepresentation or omission and a decision to purchase or sell covered securities, as opposed to uncovered securities; and (2) that the connection matter, i.e., that the misconduct make a

---

[4] Lewis does not dispute that he seeks to bring a "covered class action" or that the securities at issue are "covered securities" for purposes of SLUSA.

significant difference in someone's decision to purchase or sell a covered security, as opposed to an uncovered one. Id.

**III. Scottrade's Motion to Dismiss**

Scottrade contends that Lewis's complaint, which asserts only state-law claims, must be dismissed as barred by SLUSA. More specifically, Scottrade asserts that Lewis seeks to use a class action to recover damages based on Scottrade's allegedly fraudulent or deceitful conduct, involving the purchase or sale of covered securities, and that his claims thus must be pursued either under federal securities laws, or not at all (Doc. 52 at 1-2, 4-12). Scottrade argues that Lewis's MMPA and fiduciary-duty claims are essentially grounded in fraud—notwithstanding the omission from his complaint of any allegations explicitly sounding in fraud, through artful pleading. According to Scottrade, Lewis essentially alleges that the manner in which it routed non-directed, standing limit orders for covered securities operated as a fraud against the putative class. In addition, Scottrade asserts that Missouri courts treat MMPA and fiduciary-duty claims as constructive fraud claims. According to Scottrade, SLUSA—including its "in connection with" requirement—must be broadly construed under Dabit, and that the misconduct Lewis alleges falls within a broad construction of the statute because the alleged misconduct "coincides" with the purchase or sale of covered securities (Id.).

In response, Lewis argues that his claims are not precluded by SLUSA, as the misconduct he alleges was not "in connection" with the purchase or sale of covered securities. Lewis notes that his complaint does not purport to assert a fraud claim, under state or federal law, nor does it allege that he or any member of the putative class purchased, sold, or refrained from purchasing or selling shares of any specific security in reliance on a misrepresentation or omission by Scottrade. In short, he asserts that none of his claims are fraud-based, and that Scottrade's

5

violation of its duty of best execution would not influence an investor's decision about whether to buy or sell a particular security. In support of his position, Lewis cites to Chadbourne for the proposition that a "fraudulent misrepresentation or omission is not made 'in connection with' . . . a 'purchase or sale of a covered security' unless it is material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" Lewis also appears to argue that his fiduciary-duty claim may independently avoid SLUSA preclusion because it does not require, as an element, any misrepresentation or omission of material fact (Doc. 53).

In reply, Scottrade argues that, for purposes of whether a complaint meets SLUSA's "in connection with" requirement, the issue is whether the misconduct alleged in the complaint operates as a fraud or deceit, not whether the plaintiff's claims sound in fraud. According to Scottrade, Chadbourne did not impact the holding of Dabit, as Chadbourne presented the narrow issue of whether a plaintiff's purchase of uncovered securities, versus covered securities, could trigger SLUSA preclusion (Doc. 61).

**IV. Discussion**

The Court concludes that Lewis's action is precluded by SLUSA because the gravamen of his claims is that Scottrade engaged in deceptive conduct in relation to its order-routing practices. Freeman, 704 F.3d at 1114. At their core, Lewis's claims are based on his allegation that Scottrade failed to disclose that it was violating, or at least operating under a conflict of interest in relation to, its duty of best execution. The Court further concludes that this alleged misconduct not only coincided with the purchase or sale of covered securities, but was also material to the decisions of Lewis and putative class members to buy or sell securities through Scottrade. Dabit, 547 U.S. at 85-86 (defining SLUSA's "in connection with" requirement); see also Kurz v. Fidelity Mgmt. & Research Co., 556 F.3d 639, 641 (7th Cir. 2009) (argument that

duty of best execution is not "in connection with purchase or sale" of securities is frivolous in light of Dabit; allegation that broker either misrepresented that best execution would be achieved or failed to disclose that best execution was not being achieved was "in connection with" purchase or sale of security because it affected trades in those securities and potentially the net price obtained in the trades).

The facts of this case are essentially indistinguishable from nearly identical cases decided by other district courts. The Court agrees with Judge Bataillon of the U.S. District Court for the District of Nebraska, who in dismissing a similar action under SLUSA, wrote:

> The plaintiffs' respective complaints all involve allegations that [the broker's] conduct caused them to obtain less than the best possible price for their securities. The alleged deception relates to the value of the security because [the broker] represent[ed] it obtains the best possible price for its customers but delivers something less, while at the same time generating revenue for itself. The representation of best execution induces customers to trade with [the broker] instead of competing brokers, and is material to every purchase or sale of a security through [the broker]. The contention that plaintiffs made investment decisions without regard to the price at which their orders were filled is, at bedrock, simply implausible.
>
> Each of the class action state-law claims asserted . . . is based on deceptive conduct in connection with a securities transaction. As a result, the plaintiffs' purported class-action claims for . . . breach of fiduciary duty . . . unjust enrichment . . . [and] declaratory judgment . . . must be dismissed as precluded under SLUSA.

Lerner v. TD Ameritrade, No. 8:14-cv-00325, at *24 (D. Neb. Mar. 23, 2016) (unpublished order) (internal quotations omitted); see also Lim v. Charles Schwab & Co., Inc., No. 15-cv-02074, 2015 WL 7996475, at *8 (N.D. Cal. Dec. 7, 2015) (unpublished order), appeal docketed, No. 16-15189 (9th Cir. Feb. 8, 2016). Here, Lewis's claims all involve allegations that Scottrade's misconduct in order routing caused them to obtain less competitive prices for their securities. Scottrade's failure to disclose that it was not achieving, or seeking to achieve, best

execution, while generating revenue for itself, would induce customers to trade with Scottrade, and is material to every purchase or sale of a covered security through Scottrade. Lewis's claims are thus precluded under SLUSA.

The Court is also not persuaded that Lewis's fiduciary-duty claim may independently avoid SLUSA preclusion because it does not require, as an element, any misrepresentation or omission of material fact. Notably, the SEC considers a broker's failure to provide best execution a potential "manipulative, deceptive or other fraudulent device," In re: Morgan Stanley & Co., Inc., Exchange Act Release No. 55726, 2007 WL 1364323, at *8 (May 9, 2007); and Missouri state courts treat breaches of fiduciary duties as constructive frauds, Klemme v. Best, 941 S.W.2d 493, 495 (Mo. 1997) (en banc); see also Henry v. Farmers Ins. Co, Inc., 444 S.W.3d 471, 481 (Mo. Ct. App. 2014) ("Because breach of a fiduciary duty is constructive fraud, it is an 'action sounding in fraud or deceit.'"). Moreover, other courts have found that state-law, fiduciary-duty claims are precluded by SLUSA, notwithstanding the absence of fraud or deceit as an essential element of the claims. See Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294, 299-300 (3d Cir. 2005); Dommert v. Raymond James Fin. Servs., Inc., No. 1:06-cv-102, 2007 WL 1018234, at *8 (E.D. Tex. Mar. 29, 2007) (state-law, fiduciary-duty claim was precluded by SLUSA because core factual basis of claim was that defendant-broker had omitted, or failed to disclose material information regarding excessive broker fees and financial gain it had retained; no matter how plaintiff characterized claim, whether in terms of fiduciary duty or as fraud, material misrepresentation or omission served as factual predicate to claim, and SLUSA thus applied).

The Court thus concludes that the gravamen of Lewis's claims is that Scottrade failed to disclose that it was operating under a conflict of interest with regard to its order-routing process

or that it was not achieving, or at least approximating, best execution; and that the alleged misconduct occurred "in connection with the purchase or sale" of covered securities. As such, all of Lewis's claims are precluded by SLUSA. The Court will thus grant Scottrade's motion to dismiss, and dismiss Lewis's claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Scottrade's Motion to Dismiss is **GRANTED**, and Lewis's claims are **DISMISSED without prejudice**. A separate judgment will accompany this Memorandum and Order.

Dated this 29th day of August, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**